IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELMER EUGENE WALKER,

       Plaintiff,              No. CIV S-06-0915 FCD KJM P

    vs.

WARDEN CAMPBELL, et al.,

       Defendants.        ORDER

_____/

       Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

       Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $3.91 will be assessed by this order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

1    preceding month's income credited to plaintiff's prison trust account.  These payments will be

2    forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

3    account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4           The court is required to screen complaints brought by prisoners seeking relief

5    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

6    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

7    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

8    be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

9    U.S.C. § 1915A(b)(1),(2).

10          A claim is legally frivolous when it lacks an arguable basis either in law or in

11   fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

12   28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13   indisputably meritless legal theory or where the factual contentions are clearly baseless.

14   Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

15   inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

16   639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

17          A complaint, or portion thereof, should only be dismissed for failure to state a

18   claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

19   of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

20   Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

21   v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

22   complaint under this standard, the court must accept as true the allegations of the complaint in

23   question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

24   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

25   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

26   /////

2

1     Plaintiff complains about the manner in which some of his grievances have been

2  processed and the grievance process in general at his place of incarceration.  Plaintiff is informed

3  there is no constitutional right to a grievance process, therefore deficiencies in the response to

4  plaintiff's grievances do not state a claim cognizable in a civil rights action.  Mann v. Adams,

5  855 F.2d 639, 640 (9th Cir. 1988).  Plaintiff also appears to complain about the medical care he

6  has received at his place of incarceration.  Plaintiff is informed that to state a valid Eighth

7  Amendment claim for inadequate medical care, plaintiff must allege "acts or omissions

8  sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle v.

9  Gamble, 429 U.S. 97, 106 (1976).

10     The court finds the allegations in plaintiff's current complaint so vague and

11 conclusory that it is unable to determine whether the current action is frivolous or fails to state a

12 claim for relief.  The court has determined that the complaint does not contain a short and plain

13 statement as required by Federal Rule of Civil Procedure 8(a)(2).  Although the Federal Rules

14 adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the

15 claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir.

16 1984).  Plaintiff must allege with at least some degree of particularity overt acts which

17 defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply

18 with the requirements of Federal Rule of Civil Procedure 8(a)(2), the complaint must be

19 dismissed.  The court will, however, grant leave to file an amended complaint.

20     If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

21 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

22 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

23 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

24 there is some affirmative link or connection between a defendant's actions and the claimed

25 deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

26 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

3

1   allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

2   Regents, 673 F.2d 266, 268 (9th Cir. 1982).

3           In addition, plaintiff is informed that the court cannot refer to a prior pleading in

4   order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

5   amended complaint be complete in itself without reference to any prior pleading.  This is

6   because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

7   Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

8   pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

9   original complaint, each claim and the involvement of each defendant must be sufficiently

10  alleged.

11          Plaintiff has filed four motions asking that the court grant temporary restraining

12  orders.  Because there is no operative complaint in this matter, and no defendants, plaintiff's

13  motions will be denied.  See Local Rule 65-231(c).[1]  The court will entertain a motion for

14  temporary restraining order, after the filing of plaintiff's amended complaint, as long as the

15  motion concerns that matters at issue in the amended complaint or the prosecution of this action.

16          In accordance with the above, IT IS HEREBY ORDERED that:

17          1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

18          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

19  Plaintiff is assessed an initial partial filing fee of $3.91.  All fees shall be collected and paid in

20  accordance with this court's order to the Director of the California Department of Corrections

21  and Rehabilitation filed concurrently herewith.

22          3.  Plaintiff's complaint is dismissed.

23  /////

24

25          [1]  The court notes that plaintiff makes several threatening remarks in his motions, and his
    complaint.  Plaintiff is advised that making threatening comments in the future could result in
26  monetary sanctions, dismissal of this action and criminal prosecution.

4.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5.  Plaintiff's April 27, 2006 motion for a temporary restraining order is denied.

6.  Plaintiff's May 3, 2006 motion for a temporary restraining order is denied.

7.  Plaintiff's May 24, 2006 motion for a temporary restraining order is denied.

8.  Plaintiff's August 10, 2006 motion for a temporary restraining order is denied.

DATED:  December 19, 2006.

_____
U.S. MAGISTRATE JUDGE

1
walk0915.14(5.24.06)

5